IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WARREN K. WARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-3198-CV-S-SWH |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER

Pending before the Court is the Motion and Memorandum in Support of Plaintiff's Application for Attorney's Fees Under 42 U.S.C. § 406(b). (Doc. #18) The application states that plaintiff and his counsel entered into a contingency fee agreement which provided that plaintiff would pay counsel twenty-five percent of all past due benefits to which plaintiff was entitled if the claim was successful. (Doc. #18 at 1) After the complaint in this case was filed, the defendant filed a motion asking that the case be remanded for further administrative proceedings.[1] (Doc. #18 at 1) On remand, a favorable decision was entered for plaintiff, and plaintiff was determined to be entitled to retroactive benefits of $57,522.00. (Doc. #18 at 1-2) Attorney fees in the amount of $14,380.50 were withheld by the Social Security Administration. (Doc. #18 at 2)

The pending fee application requests an award of attorney fees in the amount of $5,000.00 for 6.20 hours of work before the Court. (Doc. #18 at 2-3) Counsel for the Commissioner argues that an award of $5,000.00 is unreasonable as it represents an hourly rate of $806.45 per hour, and thus, a windfall to counsel. (Doc. #19 at 3)

---

[1] After the Court granted the defendant's motion for remand, counsel was awarded fees under the Equal Access to Justice Act in the amount of $1,638.24. This represented an attorney rate of $158.33 per hour.

The statute governing the award of court-approved attorneys' fees in social security cases states in relevant part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ...

42 U.S.C. § 406(b)(1)(A). However, the twenty-five percent statutory maximum is not an automatic entitlement. The court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789 (2002) The Court in Gisbrecht observed that the statute "calls for court review of such [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807. Courts may appropriately reduce an attorney's recovery based on the character of the representation or if the benefits are large in comparison to the amount of time counsel spent on the case. Id. at 808.

Here the benefit to the claimant of obtaining a remand and ultimately a favorable decision was large in comparison to the amount of attorney time (6.2 hours) spent before this Court. However, claimant's counsel is an experienced attorney who specializes in Social Security cases. Moreover, it is recognized that an increase in the hourly rate is appropriate where due to the contingency there is a risk of receiving no payment at all. See Swanberg v. Astrue, 2009 WL 1382290, *4 (D. Neb. May 15, 2009). Thus, in cases in which experienced counsel have obtained excellent results for their clients, several courts in this district have used a factor of 2.8 times the normal hourly rate in determining what is a reasonable hourly rate pursuant to 42 U.S.C. § 406(b)(1). See Burton v. Astrue, 2011 WL 5117655, *1-2 (W.D. Mo. Oct. 26, 2011); Whitehead v. Barnhart, 2006 WL 910004, *2 (W.D. Mo. Apr. 7, 2006).

In this case, plaintiff's counsel was originally awarded a fee under the EAJA that amounted

2

to $158.33 per hour. Applying a factor of 2.8 to the EAJA rate of $158.33 per hour[2] would entitle plaintiff's counsel to a fee of $2,748.58 which represents an hourly rate of $443.32. In the circumstances of this case, the Court finds that a contingency fee resulting in an award of $443.32 per hour is not unreasonable.

Counsel for both plaintiff and defendant have acknowledged that because counsel has already received attorney fees of $1,638.24 under the Equal Access to Justice Act (EAJA), and because Congress has precluded "double-dipping," counsel must refund to plaintiff the fees awarded under the EAJA. (See docs. #18 at 4 and #19 at 1-2) Accordingly, it is

ORDERED that the Motion and Memorandum in Support of Plaintiff's Application for Attorney's Fees Under 42 U.S.C. § 406(b), doc. #18, is granted in part. It is further

ORDERED that the Social Security Administration is directed to pay to plaintiff's counsel $2,748.58 in fees for the time expended in representing plaintiff before this Court. It is further

ORDERED that plaintiff's counsel is directed to refund to claimant $1,638.24 which represents attorney fees previously paid to counsel under the EAJA. It is further

ORDERED that the Social Security Administration is directed to pay to plaintiff any sums remaining after payment of attorney fees to plaintiff's counsel pursuant to 42 U.S.C. § 406(b).[3]

                                         */s/ Sarah W. Hays*
                                         SARAH W. HAYS
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] The Court used the EAJA hourly rate as plaintiff's counsel provided no information about his normal hourly rate despite the Commissioner's suggestion that he do so.

[3] The Court has not directed a specific dollar amount be refunded to plaintiff as it is unclear whether any attorney payments have been made from this fund for work done at the administrative level.

3